1 **AFN LAW PLLC**
Angus F. Ni (*Pro Hac Vice* Pending)
2 502 2nd Ave, Suite 1400
Seattle, Washington 98104
3 Tel: 773 543 3223
4 angus@afnlegal.com

5 **The Morrow Firm, P.C.**
Xinlin Li Morrow (SBN 281707)
6 1880 Century Park E, Ste 815
Los Angeles, CA 90067
7 Tel: (213) 282-8166
8 xinlin@morrowfirm.com

9 *Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Quanzhou One Plus One Housewares Co., Ltd.<br><br>Plaintiff,<br><br>v.<br><br>Akiva Nourollah, OxGord Inc., a California Corporation, Day to Day Imports Inc., a California Corporation, and Does 1-10.<br><br>Defendants. | Case No. 2:19-cv-5162<br><br>**COMPLAINT FOR:**<br><br>1.  **Breach of Implied Contract**<br>2.  **Breach of Written Contract**<br>3.  **Unjust Enrichment**<br>4.  **Conversion**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT

Plaintiff, Quanzhou One Plus One Housewares Co., Ltd ("One Plus One" or "Plaintiff") hereby asserts this complaint against Defendants Akiva Nourollah, OxGord Incorporated, and Day to Day Imports Inc. ("Nourollah", "OxGord", and "Day to Day", respectively, and "Defendants" Collectively), and state as follows:

## I. INTRODUCTION

1. This is a simple breach of contract and unjust enrichment action. Plaintiff, a manufacturer of home furnishings based in China, took orders from Defendants, re-sellers in California. Over the course of more than half a year, Plaintiff made and delivered the orders to Defendants. Defendants accepted the deliveries, sold the products, and only paid the first installment before ceasing payment, all while assuring Plaintiff repeatedly that it would pay, and do so "soon", "next week", or in "another week." Defendants never paid. After numerous attempts to further engage Defendants went unanswered, Plaintiff now sues for the balance of sums owed.

## II. JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has subject matter jurisdiction over the instant action. Complete diversity of citizenship exists between the parties because Plaintiff is a citizen of a foreign state, China, and Defendants are citizens of the state of California. The amount in controversy exceeds $75,000 exclusive of costs.

3. The Court has personal jurisdiction over Nourollah because he is a resident of Los Angeles, California. The Court has personal jurisdiction over OxGord and Day to Day because they are California Corporations, with principal places of business is in Los Angeles, California.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (c)(2) because all Defendants reside and/or transact business within this District. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b)(2) because many of the acts giving rise the instant claims occurred in this District.

## III. PARTIES

5. Plaintiff Quanzhou One Plus One Housewares Co., Ltd ("One Plus One") is a Chinese Company with principal place of business in Quanzhou City, Fujian Province, China. One Plus One

is a manufacturer of furniture and other housewares and that its products to, amongst others, buyers in the United States.

6. Defendant Day to Day Imports, Inc. ("Day to Day") is a California corporation with its principal place of business at 16325 S Avalon Blvd, Gardena CA 90248.

7. Defendant OxGord Incorporated ("OxGord") is a California corporation with its principal place of business at 16325 S Avalon Blvd, Gardena CA 90248.

8. Defendant Akiva Nourollah ("Nourollah") is, on information and belief, an owner and executive of Defendants Day to Day and OxGord. Defendant Akiva has identified himself as the CEO of both OxGord and Day to Day in e-mails with Plaintiff. Nourollah has a place of business in and is a resident of California.

9. On information and belief, Does 1 through 10 were responsible or legally liable in some manner for the occurrences and injuries alleged herein. The true names and capacities of such fictitiously named defendants, whether individual, corporate, associate or otherwise, are currently unknown to Plaintiff. Plaintiff will amend this complaint to show such true names and capacities when the same have been ascertained. Defendants above and the Doe Defendants are referred to hereinafter collectively as "Defendants."

**IV.   FACTS**

10. On July 3, 2018, Defendants placed a Purchase Order (the "PO") with Plaintiff One Plus One for over 9,000 portable closets and over 14,000 coat racks, to be shipped in four shipments between August 1, 2018, and November 1, 2018.

11. On July 17, 2018, Defendants modified the PO by increasing the amount of portable closets ordered by several thousand.

12. Defendants agreed to pay $150,440 for the initial order, and further agreed to an additional price of $41,710 for increasing the order, for a total of $192,150 for the entire PO.

13. Plaintiff commended work on manufacturing and shipping these orders immediately.

14. Between July and December, Plaintiff Day to Day manufactured and shipped, and Defendants approved and received, several shipments of products fulfilling most of the PO.

15. In all, the goods accepted by Defendants carried a price of $158,450.6.

16. Between August and December, Plaintiff repeatedly urged payment for the above amount from Defendants, and while Defendants did not pay, Defendant Nourollah, as well as other employees of Defendants Oxgord and Day to Day, repeatedly promised to pay the full amount in writing.

17. Because of Defendants' delay in payment, Day to Day was unable to continue paying for the manufacture of the remainder of the PO, even though it had already procured materials to fulfill the order. The materials procured cost Plaintiff approximately $30,000.

18. On December 31, 2018. Defendants paid $34,813.30, but did not pay the remaining $123,637.3 for the goods already delivered.

19. On January 22, 2019, Defendants e-mailed Day to Day cancelling the remainder of the PO that had not yet been delivered.

20. Over the course of the next three months, Plaintiff repeatedly contacted Defendant Nourollah, requesting payment for the balance owed.

21. Plaintiff and Defendants even engaged in negotiations, wherein Plaintiff offered to accept a payment plan to accommodate cash-flow difficulties on Defendants' part, if any.

22. During this period, Defendant Nourollah even attempted to order new product from Plaintiff, indicating that Defendants had sold the products Plaintiff manufactured and shipped. However, Plaintiff was unable and unwilling to continue supplying more products to Defendants without payment for products already shipped and accepted.

23. Between January and April, 2019, Defendant Nourollah promised numerous times in writing to pay the remaining balance owed by Defendants, but never paid.

24. In all, Defendants continue to owe approximately $153,637.3 to Plaintiff.

## V.   CAUSES OF ACTION

### FIRST COUNT

### BREACH OF IMPLIED CONTRACT

25. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

26. A valid implied contract existed between Defendants and One Plus One. Specifically, representatives of each side entered into implied contractual arrangements whereby One Plus One agreed to provide furniture products in accord with Defendants' orders and instructions, and as consideration, Defendants agreed to pay for those products.

27. One Plus One performed its obligations under this implied contract by shipping the products to Defendants. Not only were the goods received and accepted without incident, Defendants have repeatedly promised to pay the amounts owed in writing and even attempted to order more products from One Plus One.

28. Defendants have breached this implied contract by failing to pay for the delivered products as well as the costs incurred for materials ordered at Defendants' behest for manufacturing orders that Defendants decided to cancel.

29. As a result of Defendants' breach of contract, One Plus One has suffered damages in the amount of at least $153,637.3, not including costs, fees and interest.

30. As such, the Court should enter judgment in favor of One Plus One against Defendants in the amount of $153,638.3 plus costs, fees, and interest.

## SECOND COUNT
## BREACH OF WRITTEN CONTRACT

31. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

32. Valid written contracts existed between the parties. Accepted Invoices, Purchase Orders, and Defendants' instructions and written promises in connection with One Plus One's products and shipments, constitute writings evidencing agreements whereby One Plus One agreed to sell products and, as consideration, Defendants agreed to pay for those products.

33. One Plus One performed its obligations under this implied contract by shipping the products to Defendants. Not only were the goods received and accepted without incident, Defendants have repeatedly promised to pay the amounts owed in writing and even attempted to order more products from One Plus One.

34. Defendants have breached these written contract by failing to pay for the delivered products as well as the costs incurred for materials ordered at Defendants' behest for manufacturing orders that Defendants decided to cancel.

35. As a result of Defendants' breach of contract, One Plus One has suffered damages in the amount of at least $153,637.3, not including costs, fees and interest.

36. As such, the Court should enter judgment in favor of One Plus One against Defendants in the amount of $153,638.3 plus costs, fees, and interest.

### THIRD COUNT

### UNJUST ENRICHMENT

37. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

38. Defendants have unjustly received benefits at One Plus One's expense. Specifically, One Plus One has shipped a substantial amount of products to Defendants, and Defendants have not paid for those products.

39. Defendants have unjustly retained the benefit of the products, which they have sold. Defendants have not paid Plaintiff for the benefits it has earned by selling the products shipped to it by Plaintiff.

40. As such, the Court should enter judgment in favor of One Plus One against Defendants in the amount of $153,638.3 plus costs, fees, and interest.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray for relief and judgment as follows:

A. Awarding Plaintiff the amount of $153,638.3, plus interest.

B. Awarding Plaintiff its reasonable costs and expenses incurred in this action, including Plaintiffs' attorneys' fees and expert fees; and

C. Granting such other and further relief as this Court may deem just and proper.

//

//

//

## VII. JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury in this action of all issues so triable.

Date: June 12, 2019

**AFN Law PLLC**

by: _____
Angus F. Ni (*pro hac vice pending*)

506 2nd Ave, Suite 1400
Seattle, WA 98104
Phone: (646) 543-7294

**The Morrow Firm, P.C.**
Xinlin Li Morrow (SBN 281707)
xinlin@morrowfirm.com
1880 Century Park E, Ste 815
Los Angeles, CA 90067
Tel: (213) 282-8166

*Attorneys For Plaintiff*